IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
                                   :
    v.                             : Case No. 3:20-cr-13-SLH-1
KENNETH J. SELVAGE,                :
            Defendant              :

## Memorandum Order

    Kenneth Selvage is charged with possessing a firearm on January 24, 2020, after having been convicted of a felony, a violation of 18 U.S.C. § 922(g)(1) that carries as a penalty a term of imprisonment not to exceed ten years, except that in cases where the defendant has three prior convictions for violent felonies or serious drug offenses the term of imprisonment is 15 years to life. 18 U.S.C. § 924(e).

    Under the Bail Reform Act, 18 U.S.C. § 3142(g), the Court must consider the following factors: (1) the "nature and circumstances of the offense," including crimes involving violence or controlled substances; (2) the weight of the evidence; (3) the defendant's history and characteristics, including ties to the community, substance abuse, physical and mental health, record of appearing at court proceedings, and whether the alleged offense occurred while on probation or parole, among others; and (4) the "nature and seriousness of the danger to any person or the community" posed by release. The government must show, to obtain an order of pretrial detention, that there is no condition or combination of conditions short of detention that will reasonably assure either the defendant's appearance or the safety of the community. 18 U.S.C. §§ 3142(e), 3142(f). The government must prove that detention is necessary to ensure public safety by clear and convincing evidence, and risk of flight by a preponderance of the evidence. 18 U.S.C.§ 3142(f)(2); United States v. Himler, 797 F.2d 156, 160-61 (3d Cir. 1986).

    After a detention hearing on August 6, 2020, I determined that although Mr. Selvage was not a flight risk, no conditions short of detention would reasonably assure the safety of the community. I found this because the weight of the evidence on the federal charge against Mr. Selvage was very great and his lengthy criminal record indicated that he had been convicted and served a lengthy prison sentence for the state law equivalent of being a felon in possession. Just as an absence of criminal record is relevant, a lengthy criminal record is persuasive evidence of a person's ability (or inability) to abide by any externally imposed controls, including conditions of release pending trial. If imprisonment for the same type of offense had no apparent deterrent effect on Mr. Selvage's willingness to commit the offense charged in the indictment, I doubted that conditions short of detention would reasonably assure Mr. Selvage would not endanger the community.

    I also noted that Mr. Selvage had some medical conditions that made him more at

risk from Covid-19 than the average person, and told counsel that any material changes in that risk would be considered under 18 U.S.C.§ 3142(f)(2):

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Early in the fall of 2020, there was a surge of Covid-19 cases in the Cambria County Prison and counsel for Mr. Selvage duly filed a motion to re-open the detention hearing, ECF no. 30, which the government replied to, ECF no. 33, and to which defendant sur-replied, ECF no. 34. In addition to 18 U.S.C.§ 3142(f)(2), 18 U.S.C.§ 3142(i) permits temporary release for preparation of a defense or "another compelling reason." United States v. Wilburn, 2020 WL 1899146, at *6 (W.D. Pa. Apr. 17, 2020)(Hornak, C.J.). Under the "compelling reason" section, the defendant bears the burden of establishing that release is proper: factors to consider include 1) the original reason for pretrial detention, (2) the specificity of the defendant's COVID-19 risks, (3) the extent to which release would mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. See United States v. Brown, 2020 WL 7042615, at *4 (D. Kan. Dec. 1, 2020).

I held a hearing (by Zoom, with the consent of all parties) on November 18, 2020. Having considered the evidence presented, I do not modify my detention order.

Although there was an alarming surge of well over 100 positive tests at the Cambria County Prison (138 inmates/ 35 staff), as in society at large most of the cases were asymptomatic or mild, and by the time of the hearing only 4 or 5 inmates had required hospitalization, and perhaps 2 had required stays at a hospital. In other words, there was nothing unusual about the virulence or the length of the outbreak at the prison compared to outbreaks at local schools, personal care homes, and businesses. Further, the staff at the Cambria County Prison conducted universal testing, imposed a temporary lockdown, and took new cleaning measures to reduce the risk of an uncontrolled outbreak. Mr. Selvage himself was in a single cell and had his meals delivered to him. I believe that the risk of Covid-19 to Mr. Selvage due to his personal medical history is a factor to be considered, but although his high blood pressure is a co-morbidity, the history of efforts at the Cambria County Prison makes it clear that if Mr. Selvage were to show symptoms of Covid-19 he is minutes away from medical care in the prison and only minutes more away from the hospital that has treated other inmates.

The evidence that caused me to order detention in August has not changed, and the surge in Covid-19 cases at the Cambria County Prison coupled with Mr. Selvage's medical history, although having a material bearing on the existence of viable conditions of pretrial release, are together not enough to find that pretrial detention would be an

unreasonable risk to Mr. Selvage. The evidence shows that he is at incrementally greater risk of exposure in prison than he would be in home incarceration with his only permitted contact from the community at large being food deliveries to his doorstep (if such a release plan were likely to be enforceable). That incremental reduction of risk to Mr. Selvage, which I am not confident could be achieved, would come at the price of a relatively high increase of risk to the community at large.

In sum, under the proper subsection to consider release due to the Covid-19 pandemic, 18 U.S.C.§ 3142(i), that the proper standard is given by the "compelling reason" language of that provision. I do not find that the evidence presented shows a compelling reason to modify the order of pretrial detention.

DATE: 8 December 2020

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record